**[REDACTED: CLEARED FOR PUBLIC RELEASE]**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**
24-CR-467 (EK)

-against-

SYED AMAN,

Defendant.

--------------------------------------x

ERIC KOMITEE, United States District Judge:

Before the Court is the government's motion for a protective order under Section Four of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, and Federal Rule of Criminal Procedure 16. For the reasons set forth below, the motion is granted.

## I. Background

On November 18, 2024, a grand jury sitting in this District returned a one-count indictment against Syed Aman. The indictment charged him with attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339A(b)(1). Indictment, ECF No. 6. The government alleges that Aman attempted to provide the Islamic State of Iraq and al-Sham ("ISIS") with, among other things, services, currency, and personnel (himself). *Id.* at 1. Trial is currently scheduled to begin on February 22, 2027.

On February 9, 2026, the government moved for a protective order that would allow it to withhold certain classified material from discovery. The motion was accompanied by a classified brief in support. Mot. For Protective Order; Gov't's Mem. In Supp. Of Its Classified *Ex Parte*, *In Camera* Mot. For a Protective Order ("Gov't CIPA Br."). [REDACTED: CLEARED FOR PUBLIC RELEASE]

Following receipt of the motion, the Court held separate *ex parte*, *in camera* conferences with the government and standby counsel for the defense. *See* Gov't May 28 Tr. and Def. Aug. 10 Tr.[1] At the Court's request, the government submitted a letter on June 4 providing more specific information in support of its motion. Gov't's June 4 Ltr. The government filed a supplemental letter on July 9. *See* Gov't's July 9 Ltr. Later, on August 13, the Court held a second conference with the government. *See* Gov't Aug. 13 Tr. Following the second

[1] *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("In a case involving classified documents, *ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."). Accordingly, the Court will produce four versions of this Order. First, a version including all classified information, and sensitive information provided by both parties, will be made available for the Second Circuit in case of appeal. Second, a version without classified information and with no sensitive information provided by the parties will be made available for the public. Third, a version with classified information but no sensitive information provided by the defense will be made available to the government. Finally, a version without classified information, or sensitive information provided by the government will be made available to the defense.

conference, the government submitted one final letter. *See* Gov't's Aug. 27 Ltr.

## II. Legal Standards

CIPA was "designed to establish procedures to harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996).[2] Section Four of CIPA provides in relevant part:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. app. 3, § 4.

Section Four "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information vital to the national security." *United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010). Relatedly, Rule 16 itself provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

The Section Four inquiry proceeds through several steps. The Court must first determine "whether the material in dispute is discoverable." *Abu-Jihaad*, 630 F.3d at 141. To do so, we look to the Federal Rules of Criminal Procedure. *See in re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 116 (2d Cir. 2008) ("[s]ection four provides that, if the discovery to be provided to the defense pursuant to the Federal Rules of Criminal Procedure includes classified information, the district court" may authorize various remedies).

If the materials are discoverable, we ask "whether the state-secrets privilege applies." *Abu-Jihaad*, 630 F.3d at 141.

If the privilege applies, then the Court must determine "whether the information is helpful or material to the defense" — that is, "useful to counter the government's case or to bolster a defense." *Id.* If so, the Court must then evaluate any proposed substitutions or admissions the government has offered to balance the public's interest in the flow of information and the defendant's right to prepare his defense. *See Roviaro v. U.S.*, 353 U.S. 53, 62 (1957).

**A. Discoverability**

Rule 16 requires the Government to disclose specified items including oral, written, or recorded statements made by

the defendant, as well as certain categories of documents and objects, including those "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(e)(i).

**B. State-Secrets Privilege**

The state-secrets privilege is a basis for withholding "information from discovery when disclosure would be inimical to national security." *United States v. Aref*, 533 F.3d 72, 79 (2008). It applies if "(1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Abu-Jihaad*, 630 F.3d at 141.

With respect to the first requirement, "[j]udicial control over the evidence in a case cannot be abdicated to the caprice of executive officers. Nonetheless, in assessing the Government's claim that disclosure may harm national security, courts must exercise the traditional reluctance to intrude upon the authority of the Executive in military and national security affairs." *United States v. Zubaydah*, 595 U.S. 195, 205 (2022).

**C. Helpful or Material to the Defense**

Information is "helpful or material to the defense" when it is "useful to counter the government's case or to bolster a defense." *Aref*, 533 F.3d at 80. "To be helpful or

material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady* . . . to disclose exculpatory information." *Id.*[3] Nevertheless, "classified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege." *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989). Information is not "material or helpful" when it is merely "duplicative of non-classified discovery already produced." *United States v. Saipov*, No. 17-CR-722, 2019 WL 5558214, at *6 (S.D.N.Y. Oct. 29, 2019).

"Only when information is relevant or helpful to the defense must the Court then take the third step of balancing the 'public interest in protecting the flow of information against the individual's right to prepare his defense.'" *United States v. Mostafa*, 992 F. Supp. 2d 335, 338 (S.D.N.Y. 2014) (quoting *Roviaro*, 353 U.S. at 62).[4] Depending on how that balance comes

[3] "*Brady* and its progeny require the Government to disclose material information that is favorable to the accused, either because it is exculpatory, or because it is impeaching." *United States v. Rodriguez*, 496 F.3d 221, 225 (2d Cir. 2007). Information is exculpatory if it "relates to the defendant's guilt or innocence." *United States v. Ulbricht*, 858 F.3d 71, 112 (2d Cir. 2017). Information is impeaching if it has "the potential to alter the jury's assessment of the credibility of a significant prosecution witness." *United States v. Gil*, 297 F.3d 93, 101 (2d Cir. 2002). Evidence is subject to disclosure under *Brady* even if it has "both an inculpatory and exculpatory effect." *DiSimone v. Phillips*, 461 F.3d 181, 195 (2d Cir. 2006).

[4] Although the "relevant or helpful" formulation here is slightly different from the "material and helpful" standard recited above, courts have repeatedly applied this final step in the CIPA Section Four analysis. *See, e.g.*, *United States v. Hossain*, No. 19-CR-606, 2020 WL 6874910, at *2 (S.D.N.Y. Nov. 23, 2020); *United States v. Schulte*, No. 17-CR-548, 2019 WL 3764662, at *3 (S.D.N.Y. July 22, 2019).

out, the Court may authorize the Government to substitute evidence under CIPA, including summaries or admissions. 18 U.S.C. app. 3, § 4.

## III. Discussion

As set forth in the government's submissions, [REDACTED: CLEARED FOR PUBLIC RELEASE]

### A. The Court's Review

[REDACTED: CLEARED FOR PUBLIC RELEASE]

The Court also had the benefit of the government's brief, which "describ[ed] much of the information in detail." *U.S. v. Zazi*, No. 10-CR-60, 2011 WL 2532903, at *5 (E.D.N.Y. June 24, 2011). [REDACTED: CLEARED FOR PUBLIC RELEASE]

Standby counsel, who holds a security clearance, requested to view the materials the government is seeking to withhold so that she can assist the Court in determining which materials are helpful or material to the defense. She argued at the *ex parte*, *in camera* conference with the Court that "the risk of disclosure [of the materials] in terms of national security is fairly low. . . ." Def. Aug. 10 Tr. 5:16-17. Even if true, however, "[p]ersons with an appropriate security clearance still may not have access to classified information if they do not have a 'need to know' that information." *United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 109 n.19 (2d Cir. 2020). As set forth below, none of the material the government seeks to

withhold are helpful or material to the defense. "A defense counsel does not 'need to know' classified information" that the Court itself determines "is neither helpful nor material to the defense of . . . her client." *Id.*

**B. Possible Defense Theories**

In evaluating the materials provided by the government, the Court considered [REDACTED: CLEARED FOR PUBLIC RELEASE] defense theories suggested by standby counsel [REDACTED: CLEARED FOR PUBLIC RELEASE].

**C. The Government's Process**

[REDACTED: CLEARED FOR PUBLIC RELEASE] We agree. Even the government's *Brady* obligations do not impose "an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998). [REDACTED: CLEARED FOR PUBLIC RELEASE].

As to *Abu-Jihaad*'s first requirement, [REDACTED: CLEARED FOR PUBLIC RELEASE] *Abu-Jihaad*, 630 F.3d at 141. [REDACTED: CLEARED FOR PUBLIC RELEASE]

**D. The Classified Information, Even if Discoverable, Is Not Material or Helpful to the Defense and May Be Withheld**

The government seeks to delete all the documents it identifies in its brief from discovery. [REDACTED: CLEARED FOR PUBLIC RELEASE]

The Court concludes that, even if the documents the government identifies were discoverable, they are not material or helpful to the defense and may therefore be properly suppressed.

[REDACTED: CLEARED FOR PUBLIC RELEASE]

* * *

[REDACTED: CLEARED FOR PUBLIC RELEASE] and is therefore not helpful or material to him.

[REDACTED: CLEARED FOR PUBLIC RELEASE].

## IV. Conclusion

For the foregoing reasons, the government is authorized not to disclose to Aman or his standby counsel the classified materials identified in its motion. The government is directed to complete classification review of this Order by October 20, so the Court may file a redacted version of this Order on the public docket and distribute a copy to the defense ahead of the next status conference.

The Classified Information Security Officer is respectfully directed to maintain securely the government's classified submissions, the transcripts of the *ex parte*, *in*

**REDACTED: CLEARED FOR PUBLIC RELEASE**

*camera* hearings on May 28, August 10, and August 13, this Order, and to make those materials available in the event of an appeal.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 4, 2026
Brooklyn, New York